IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                   OPINION AND ORDER
                                                                      08-cv-566-bbc
                                                                      05-cr-22-jcs

                     Plaintiff,

     v.

WILFRED TRICE,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Wilfred Trice has filed a motion for postconviction relief under 28 U.S.C. § 2255, contending that his counsel was constitutionally ineffective for failing to contest at sentencing the government's allegation that defendant had been conspiring to distribute the crack form of cocaine and not the powder form. The motion will be denied. As the government points out, defendant agreed at his plea hearing that he had been conspiring to distribute crack cocaine. The forensic evidence that defendant has shows merely that the Wisconsin Crime Laboratory found that the substance it had been asked to analyze was cocaine but did not specify whether it was the crack or powder form. This report does not prove that it was *not* crack cocaine; it shows only that it had not been subjected to the tests

that would determine the particular form. Given the extensive evidence of defendant's involvement in distributing the crack form, as summarized by the government at the plea hearing and agreed to as correct by defendant, it was not necessary for the government to send the substance back for further testing. Defendant has not proffered any evidence that the substance was not crack, so the dispute is academic at best.

## RECORD EVIDENCE

Defendant Wilfred Trice and others were charged in an indictment returned on February 16, 2005, with conspiring to distribute fifty or more grams of cocaine base. Defendant entered a plea of guilty to the conspiracy charge in count 1. During the plea hearing, the government told the court that if defendant had gone to trial on the charges against him, it would have called seven witnesses who would have testified to having purchased crack cocaine from defendant and one of his co-conspirators, that it would have introduced evidence obtained during the execution of a search warrant at an apartment located at 308 Whispering Pines Way in Dane County during which approximately 236 grams of crack cocaine had been seized, among other drugs and currency, and that it would have introduced evidence that the apartment was one used by defendant.

When the presiding judge questioned defendant under oath, he said that he agreed with the statements of the Assistant United States Attorney and that those statements were

2

true and correct. He went on to say that from August 1999 to on or about April 2002, he had distributed crack cocaine with his co-conspirators, that he had driven to Chicago to obtain crack cocaine for distribution in Chicago and that he had knowingly and intentionally conspired to distribute 150 grams of cocaine base. He admitted specifically that the Whispering Pines apartment was his residence and that 236 grams of cocaine base were found during the search of the apartment.

At sentencing, defendant's attorney made no objection to the alleged nature of the cocaine. However, he argued vigorously for a sentence at the lowest end of the sentencing guidelines.

OPINION

It is clear from the record facts that defendant's challenge to his sentencing is without merit. He has adduced no evidence to support his claim of ineffective assistance of counsel. The record evidence shows that counsel's failure to contest the presentence report's determination of crack cocaine amounts or to raise an issue about the inadequacy of the laboratory report was prudent. Once defendant had admitted to selling large quantities of crack cocaine and to having 236 grams of crack cocaine at his apartment, a lab analysis was wholly unnecessary and counsel's options were few. The Constitution guarantees criminal defendants qualified counsel; it does not guarantee them alchemists that can turn crack into

powder cocaine for sentencing purposes.

In his reply brief, defendant seems to be arguing that his admissions were not sufficient because the court was speaking of the cocaine as cocaine base and the prosecutor was speaking of it as crack cocaine. A close look at the transcript of the plea hearing and at the plea agreement shows that this argument is without foundation. At the plea hearing, the court used both terms, crack cocaine and cocaine base; defendant admitted to possessing and distributing both. In the written plea agreement, defendant agreed that the conduct in his case involved "crack cocaine," as that term is used in U.S.S.G. § 2D1.1.

## ORDER

IT IS ORDERED that defendant Wilfred Trice's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 31st day of December, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge